IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01055-NYW-TPO

DANIEL RAY RUIZ,

    Plaintiff,

v.

CAPTAIN ROETKER,
SERGEANT GUTIERREZ,
LIEUTENANT JOHN DOE,
NURSE JANE DONE, and
OFFICER STICE,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge Timothy P. O'Hara issued on February 5, 2025. [Doc. 76]. In this case, Plaintiff asserts four claims: (1) an Eighth Amendment failure to protect claim against Defendants Roetker, Gutierrez, Stice, and an unnamed John Doe Defendant ("Claim One"), [Doc. 51 at 7]; (2) a Fourteenth Amendment equal protection claim against Defendants Roetker, Gutierrez, Stice, and the unnamed John Doe Defendant ("Claim Two"), [*id.* at 8]; and (3) two claims of medical deliberate indifference under the Eighth and Fourteenth Amendments, each asserted exclusively against an unnamed Jane Doe Defendant, [*id.*]. Defendants Roetker, Guttierez, and Stice have filed a Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"). [Doc. 58].

Judge O'Hara recommends that the Motion to Dismiss be granted in part and

denied in part. [Doc. 76 at 1]. Specifically, Judge O'Hara recommends that Claim One be dismissed without prejudice as to Defendants Roetker and Gutierrez and that Claim Two be dismissed without prejudice as to Defendants Roetker, Gutierrez, and Stice. [*Id.* at 26]; *see also* [*id.* at 8–25]. Judge O'Hara also recommends that the Motion to Dismiss be denied insofar as it seeks dismissal of Claim One as to Defendant Stice. [*Id.* at 26]. Finally, if the Court dismisses any of Plaintiff's claims without prejudice, Judge O'Hara recommends that Plaintiff be given 30 days to file a Fourth Amended Complaint. [*Id.* at 26 n.8].[1]

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id*. at n.9]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 5, 2025. *See* [Doc. 76 at 27]. No Party has objected to the Recommendation and the time to do so has elapsed.[2]

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

---

[1] Judge O'Hara also observes that Plaintiff has not yet identified the Doe Defendants he names in his Third Amended Complaint and recommends that "in advance of filing his amended complaint, Plaintiff should confer with Defendants to ascertain the identity of these individuals or request the information in writing from defense counsel." [Doc. 76 at 2 n.2]. The Court will address the unidentified Doe Defendants in a separate Order to Show Cause, issued contemporaneously with this Order.

[2] On March 3, 2025, Plaintiff filed a "Motion – Request for Update on Status of Case," wherein he stated that he did not receive a copy of Judge O'Hara's Recommendation in the mail. *See* [Doc. 77]. On March 4, 2025, the Court granted Plaintiff's Motion, informed Plaintiff of the status of this case, and sua sponte extended Plaintiff's objection deadline to March 18, 2025. [Doc. 78 at 1–2]. The Court also ordered the Clerk of Court to remail a copy of the Recommendation to Plaintiff. [*Id.* at 2]. On March 26, 2025, Plaintiff filed an untimely motion to extend the deadline to object, *see* [Doc. 80], which this Court denied upon concluding that Plaintiff failed to demonstrate extraordinary circumstances justifying an extension or excusable neglect for failing to mee the deadline, *see* [Doc. 81].

does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Here, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law. However, given the fact that Plaintiff has amended his pleading numerous times at this juncture, and he does not request to be permitted to further amend his operative pleading in his Response, *see generally* [Doc. 69], this Court finds that it is more appropriate for Plaintiff to seek leave to amend through a motion, <u>with a proposed Fourth Amended Complaint attached</u>, rather than being preemptively granted leave to amend. Accordingly, the Recommendation is **ADOPTED as modified**.

Accordingly, it is **ORDERED** that:

(1) The Recommendation of United States Magistrate Judge Timothy P. O'Hara [Doc. 76] is **ADOPTED as modified**;

(2) The Motion to Dismiss Plaintiff's Amended Complaint [Doc. 58] is **GRANTED in part** and **DENIED in part**;

(3) Claim One is **DISMISSED without prejudice** as to Defendants Roetker and Guttierez;

(4) Claim One **REMAINS** as to Defendant Stice;

(5) Claim Two is **DISMISSED without prejudice** as to Defendants Roetker,

---

[3] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Guttierez, and Stice;

(6) Plaintiff may file a motion to seek leave to file a Fourth Amended Complaint no later than **April 28, 2025**. Plaintiff is **REMINDED** of his obligation to comply with the Local Rules, including D.C.COLO.LCivR 7.1(a) (duty to confer) and D.C.COLO.LCivR 15.1(b) (requirements for filing a motion to amend). Plaintiff is further **ADVISED** that, if he is granted leave to file a Fourth Amended Complaint, it will supersede his Third Amended Complaint. *See Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). In other words, if he is granted leave to file a Fourth Amended Complaint, that amended pleading will be the operative pleading in this action, and Plaintiff's Third Amended Complaint will no longer have any legal effect. This means that Plaintiff must include *all* of his claims, including the portion of Claim One that survived Defendants' Motion to Dismiss, in any forthcoming proposed amended pleading;

(7) **If no motion for leave to amend is filed by the Court's deadline, this case shall proceed only with respect to Claim One against Defendant Stice, in his individual capacity**; and

(8) The Clerk of Court shall mail a copy of this Order to:

> Daniel Ray Ruiz
> 5369 South Elati Street, #1
> Littleton, CO 80120

DATED: March 27, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

4